# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>All Cryptocurrency Information Stored in<br>Stephen SMITH's Cryptocurrency Wallets<br>Accessable Via SMITH's Recovery Seed Phrases | ) ) ) ) ) ) Case No. 2:22-mj-682 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, which is attached hereto and incorporated herein by reference

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, which is attached hereto and incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 959 | Manufacture or Distribution of LSD for the Purpose of Unlawful Importation |

The application is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.
☐ Delayed notice ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Andrew Wuertz, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 12, 2022

City and state: Columbus, OH

Kimberly A. Jolson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) | Case no: 2:22-mj-682 |
| | ) | |
| All Cryptocurrency Information Stored in | ) | Magistrate Judge |
| Stephen Roy Jesse SMITH's Cryptocurrency Wallets) | | |
| Accessible Through SMITH's Cryptocurrency | ) | |
| Recovery Seed Phrases | ) | Under Seal |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, United States Drug Enforcement Administration (DEA) Task Force Officer Andrew Wuertz, hereafter referred to as your affiant, being first duly sworn, hereby depose and state as follows:

1. Your affiant makes this affidavit in support of an application for a search warrant for information associated with the cryptocurrency wallets and addresses stored in Stephen Roy Jesse SMITH cryptocurrency accounts accessible through SMITH's cryptocurrency recovery seed phrases, herein referred to as the "TARGET RECOVERY PHRASES", previously seized during the execution of a federal search warrant on SMITH's Gmail account, by the U.S. District Court in the Southern District of Ohio on August 4, 2022. The information to be searched is further described in the following paragraphs and in Attachment A. Your affiant requests to recover SMITH's cryptocurrency wallets onto a government-controlled device and seize the transaction history, and not the funds, associated with the cryptocurrency wallets, believing evidence, fruits, and instrumentalities of violations associated with 21 United States Code (U.S.C.) Section (§) 841(a)(1) (knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance) and 18 U.S.C. § 1956 (laundering of monetary instruments), further described in Attachment B, are located therein.

2. Your affiant is currently employed as a Detective by the Upper Arlington Division of Police, and has concurrently been serving as a Task Force Officer with the Drug Enforcement Administration

1

(hereinafter referred to as "DEA") since May of 2010. Being duly appointed according to law and acting as such, your affiant is an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516. In those capacities, your affiant has participated in investigations involving the debriefing of illegal narcotics traffickers, review of electronic information obtained pursuant to search warrants issued to electronic communications providers, review of telephone records and GPS data, review of money transfer records, surveillance, analysis of pen register information, review of electronically stored communications, crypto-currency blockchain analysis, and various other investigative techniques. As a result of your affiant's training and experience, your affiant is familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities, to communicate with co-conspirators known and unknown, and to arrange for the transport of contraband, including narcotics. Your affiant is responsible for enforcing federal criminal statutes including, controlled substance violations, pursuant to Title 21 U.S.C. § 841 - knowingly or intentionally attempt to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense controlled substance.

3. The facts in this affidavit come from your affiant's personal observations, training and experience, as well as review of documents and information obtained from other law enforcement personnel and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all my knowledge about this matter. In addition, when your affiant relies on statements made by others, such statements are set forth only in part and in sum and substance unless otherwise indicated.

4. Based on your affiant's training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 have been committed by Stephen Roy Jesse SMITH, the custodian of the TARGET RECOVERY PHRASES. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband and/or fruits of these crimes in the cryptocurrency wallets and addresses stored in Stephen Roy Jesse SMITH's cryptocurrency accounts, accessible through SMITH's cryptocurrency recovery seed phrases previously seized during the execution of a federal search warrant on SMITH's Gmail account by the U.S. District Court in the Southern District of Ohio on August 4, 2022.

## BACKGROUND ON CRYPTOCURRENCY

5. Cryptocurrency (also known as digital currency) is generally defined as an electronically sourced unit of value that can be purchased with, sold for, or used as a substitute for fiat currency (i.e., currency created and regulated by a government). Cryptocurrency is not issued by any government, bank, or company; it is instead generated and controlled through computer software operating on a decentralized peer-to-peer network. Cryptocurrency is not illegal in the United States.

6. There are many types of cryptocurrencies. Payments made with cryptocurrencies are recorded in a public ledger that is maintained by peer-to-peer verification (i.e., a "blockchain") and is thus not maintained by a single administrator or entity. Cryptocurrencies are widely used to conduct both legitimate and unlawful business. For example, Microsoft accepts Bitcoin (BTC) as payment for Xbox games and services. On the other hand, BTC and other types of cryptocurrencies are the payment method used on Darknet marketplaces, websites on the dark web that offered drugs and other contraband for sale.

7. Individuals can acquire cryptocurrency through, for example, exchanges (i.e., websites such as Coinbase, which is described further below, that allow individuals to purchase or sell cryptocurrencies in exchange for fiat currency or other cryptocurrencies), ATMs, or directly from other people. Individuals can also acquire cryptocurrencies by "mining." An individual can mine cryptocurrency by allowing his/her computing power to verify and record payments into the aforementioned public ledger. Individuals are rewarded for this task by receiving newly created units of a cryptocurrency.

8. Individuals can send and receive cryptocurrencies through peer-to-peer digital transactions or by using a third-party broker. Such transactions can be done on many types of computers, including laptop computers and smart phones.

9. Even though the public addresses of those engaging in cryptocurrency transactions are recorded on a public ledger, the true identities of the individuals or entities behind the public addresses are not recorded on the public ledger. If, however, an individual or entity is linked to a public address, it may be possible to determine what transactions were conducted by that individual or entity. Cryptocurrency-based transactions are therefore sometimes described as "pseudonymous," meaning that

3

they are partially anonymous.

10. Cryptocurrency can be stored in digital "wallets." A wallet essentially stores the access code that allows an individual to conduct cryptocurrency transactions on the public ledger. To conduct transactions on the public ledger, an individual must use a public address (or "public key") and a private address (or "private key"). The public address can be analogized to a traditional bank account number, while the private key is like the password or PIN used to access that bank account.

11. Exchangers and users of cryptocurrency often store, and transact with, these cryptocurrencies in several ways, utilizing desktop, mobile, and online wallets; hardware devices; and paper wallets. Desktop, mobile, and online wallets are electronic in nature and can be stored on mobile devices (e.g., smart phones or tablets) or websites that users can access via a computer, smart phone, or any device that can search the internet. Wallets can also be stored on external or removable media and hardware (such as USB thumb drives). In addition, paper wallets contain an address and a QR code with the public and private key embedded in the code. Paper wallet keys are not stored digitally. Wallets can also be backed up into, for example, paper printouts, USB drives, or CDs, and accessed through a "recovery phrase" (random words strung together in a phrase, also known as a "seed phrase") or a complex password. Additional security safeguards for cryptocurrency wallets can include two-factor authorization (such as a password and a phrase). I also know that individuals possessing cryptocurrencies often have safeguards in place to ensure that their cryptocurrencies become further secured in the event that the cryptocurrencies become potentially vulnerable to seizure and/or unauthorized transfer.

12. Users of cryptocurrency exchange services can download a digital wallet application onto their smart phone. A user typically accesses the wallet application through inputting a user-generated PIN code or password. Users can store, receive, and transfer cryptocurrencies via the Bread, Blockchain and Coinbase applications.

13. Many cryptocurrency exchange websites indicate that they do not store or otherwise have access to their users' funds or the private keys that are necessary to access users' wallet applications. Rather, the private keys are stored on the device on which the application is installed (or any backup created by the user).

14. In light of the above information regarding the manner in which cryptocurrency can be stored, it does not appear that all companies can assist in seizing or otherwise restraining cryptocurrencies stored in the wallets they provide to users. Nevertheless, law enforcement could seize cryptocurrency from the user's wallet directly, such as by accessing the user's smart phone or other digital device housing the wallet, accessing the wallet, and transferring the cryptocurrency therein to a law enforcement-controlled wallet. Alternatively, where law enforcement has obtained the "recovery phrase" for a wallet (see above), it may be able to use the seed phrase to recover or reconstitute the wallet on a different digital device and subsequently transfer cryptocurrencies held within the new wallet to a law enforcement-controlled wallet.

## PROBABLE CAUSE

15. In August 2021 the Central Ohio Cyber Drug Task Force (COCDTF) initiated an investigation into Dark Web Market (DWM) Lysergic acid diethylamide (LSD) vendor SAMSPADE2. While conducting cryptocurrency tracing on wallets attributed to SAMSPADE2 investigators identified cryptocurrency wallets transacting between SAMSPADE2 and the Coinbase cryptocurrency exchange. Legal service was served on Coinbase for the wallets transacting with SAMSPADE2. The information received from Coinbase pertaining to those wallets identified Stephen Roy Jesse SMITH as the owner of the Coinbase accounts.

16. Investigators located information included in the Coinbase account information which indicated SMITH was a South African citizen. SMITH listed his contact email address for the Coinbase accounts as spythedude@gmail.com, and zulusteve78@gmail.com. Blockchain analysis of SMITH's account revealed that he has received cryptocurrency funds indirectly from the EMPIRE, WALL STREET, APOLLON and TRADEROUTE DWM's. A search using law enforcement tools that query clear web databases shows SMITH using spythedude@gmail.com on several clear web accounts including LocalBitcoin.com and Mt Gox cryptocurrency exchanges. Both accounts use the username Doobz and along with several others belonging to SMITH use the password SRJS300987 which appears to be made up of SMITH's initials and his date of birth. A search of the password SRJS300987 against seized marketplace data shows that the Wall Street Marketplace user account Mr.Dobz used the password SRJS300987!. Mr.Dobz also sent several messages to the moderators of Wall Street Marketplace requesting the 2 factor identification be removed from his vendor account GUNGADIN due to his Pretty Good Privacy (PGP) key being expired. (PGP keys are used by vendors and customers on DWM's to encrypt messages for secure communications.) He then signed the message with

5

GUNGADIN's PGP signature key to prove his identity. The only transactions conducted by Mr.Dobz on Wall Street Market were with GUNGADIN, where he purchased LSD and left extremely positive reviews each time. The moniker GUNGADIN is a well-known DWM LSD vendor who has been active on numerous DWM's for several years. It appears SMITH created the Mr.Dobz account as a shill account on the DWM's. Investigator know that DWM vendors often will create shill accounts to boost their sales and ratings on the marketplaces. Investigators know that the only person who should have access and control of a PGP signature key for GUNGADIN is the owner of the moniker. Investigators also know that the reason SAMSPADE2 sent funds to SMITH's Coinbase wallets would most likely be as payment for illegal narcotics, or using SMITH to cash out cryptocurrency gained from the illegal sales of narcotics.

17. Investigators were able to obtain and serve a search warrant for SMITH's Gmail accounts spythedude@gmail.com, and zulusteve78@gmail.com to Google on August 4, 2022. On August 9, 2022 Google responded to the search warrant and provided the information for SMITH's listed email accounts. Upon reviewing the electronic data received, investigators reviewed saved calendar events, images, contacts, and notes saved in the iCloud account. Upon reviewing the data, investigators located:

A. Photos of SMITH, and his family both in the United Kingdom, and South Africa.
B. Numerous photos related to narcotics to include photos of LSD blotter paper, individual doses of LSD on a tongue, psychedelic mushrooms, marijuana grow operations, numerous photos of marijuana being processed, and possible MDMA tablets.
C. Images of three (3) crypto-currency wallet recovery phrases, also known as seed phrases. A recovery phrase is a series of words generated by a crypto-currency wallet which: a) allows access to the crypto-currency associated within that wallet and b) enables the addresses used by that wallet to be observable. The three recovery phrases were contained in images: "IMG_20180102_160652.jpg" twenty-five [25] seed words ending with "building"; "DSC00603.JPG" twelve [12] seed words ending with "profit"; "thumbnail-0-" twelve [12] seed words ending with "lyrics, herein referred to as the TARGET RECOVERY PHRASES. Recovery phrases algorithmically create private keys which allow anyone possessing them to spend the crypto-currency held in that wallet. For this reason, the entirety of the recovery phrases are not listed within this affidavit.
D. One word document was also found stored in the account containing a crypto-currency wallet recovery phrase (seed phrase) titled "0000001_Carved", which contained twelve [12] seed

6

words ending with "Knee", herein referred to as the TARGET RECOVERY PHRASES. Recovery phrases algorithmically create private keys which allow anyone possessing them to spend the crypto-currency held in that wallet. For this reason, the entirety of the recovery phrases are not listed within this affidavit.

18. Based upon the above facts, your affiant believes SMITH is using the crypto-currency wallet addresses generated by the TARGET RECOVERY PHRASES, to facilitate, and in furtherance of, the distribution of controlled substances. Restoring the crypto-currency wallets used by SMITH will locate evidence pertaining to SMITH's involvement in distributing controlled substances. Additionally, your affiant believes the information sought herein will assist law enforcement in identifying other members of the drug trafficking organization, assist in identifying stored drug proceeds, and provide evidence of the organization's trafficking in illegal narcotics and that there is probable cause that evidence of his on-going narcotics trafficking activities will be exposed.

## CONCLUSION

19. Based on the forgoing, your affiant requests that the Court issue the proposed search warrant to use the TARGET RECOVERY PHRASES to recover SMITH's cryptocurrency wallets onto a government-controlled device and seize the transaction history, and not the funds, associated with the cryptocurrency wallets. Because cryptocurrency blockchains operate off a public ledger and are free of any central control or oversight, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR NON-DISCLOSURE AND SEALING

20. The United States request your affiant not be required to notify any person (including the subscriber or customer to which the materials relate) of the existence of this warrant for such period as the Court deems appropriate. The United States submits that such an order is justified because notification of the existence of this warrant would seriously jeopardize the ongoing investigation. Such a disclosure would give the subscriber an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and/or flee from prosecution.

21. Your affiant further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the

investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and/or flee from prosecution.

Andrew Wuertz
Task Force Officer
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence, this 12th day of October 2022, at Columbus, Ohio.

Kimberly A. Jolson
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with TARGET RECOVERY PHRASES: three (3) crypto-currency wallet recovery phrases contained in images: "IMG_20180102_160652.jpg" twenty-five [25] seed words ending with "building"; "DSC00603.JPG" twelve [12] seed words ending with "profit"; "thumbnail-0-" twelve [12] seed words ending with "lyrics, and one [1] word document "0000001_Carved", which contained twelve [12] seed words ending with "Knee" previously seized during the execution of a federal search warrant on SMITH's Gmail account, by the U.S. District Court in the Southern District of Ohio on 08/04/2022.

## ATTACHMENT B

### Particular Things to be Seized

All cryptocurrency information, and not the funds associated with the cryptocurrency wallets, including: wallet addresses; sending or receiving transaction history; balance information; forms of cryptocurrencies, tokens, or NFTs; and any other available wallet information; stored in Stephen Roy Jesse SMITH's cryptocurrency wallets accessible through SMITH's cryptocurrency recovery phrases, listed in Attachment A.